IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CONSTRUCTORS, INC.**

      **Plaintiff,**

v.                                 **CIVIL ACTION NO.** _____
                                      **JUDGE:**

**BALDWIN-COX AGENCY, LLC and
BRENT BALDWIN;**

      **Defendants.**

## NOTICE OF REMOVAL

Defendants, Baldwin-Cox Agency, LLC and Brent Baldwin (collectively, "Defendants"), remove this state court action from the Fifth Judicial District Court of New Mexico to the United States District Court for the District of New Mexico. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### INTRODUCTION

1. According to Plaintiff Constructors' Original Complaint for Fraudulent and/or Negligent Misrepresentations and Nondisclosure, and Other Claims (Plaintiff's "Complaint"),[1] filed with the Fifth Judicial District Court of New Mexico on June 21, 2021, this action arises out of alleged "misrepresentations made by Defendants BCA and Baldwin to its insured, Mans Construction LLC." **Exhibit A**, Plaintiff's Complaint at ¶ 10.

---

[1] A true and correct copy of Plaintiff's Complaint is attached hereto, and incorporated herein by reference, as Exhibit "A."

1

2. In particular, Plaintiff contends that a certain "letter from Defendants is the primary subject of this suit." *Id*. at ¶ 24.

3. As such, Plaintiff filed this action in New Mexico state court, naming Baldwin-Cox Agency, LLC ("BCA") and Brent Baldwin as defendants and seeking to recover, among others, "actual and punitive damages for Defendants' negligent and intentional misrepresentations and/or statutory violations." *Id*. at ¶ 47.

## DIVERSITY JURISDICTION

4. Removal is proper because this Court has jurisdiction under 28 U.S.C. § 1332(a). This Court has original diversity jurisdiction because (1) there is complete diversity between Plaintiff and Defendants and (2) there is more than $75,000 in controversy.

5. Constructors, Inc. ("Plaintiff") is a New Mexico profit corporation. Ex. "A," Plaintiff's Complaint at ¶ 1.

6. Baldwin-Cox Agency, LLC is a Texas limited liability company with its principal place of business in Texas. *Id*. at ¶ 2.

7. Brent Baldwin is citizen of Texas. *Id*. at ¶ 3.

8. Because Constructors, Inc. is a citizen of New Mexico and neither defendant is a citizen of New Mexico, there is complete diversity.  *See* 28 U.S.C. ¶1332(a)(1).

**AMOUNT IN CONTROVERSY**

9. The amount in controversy in this case exceeds the sum of $75,000.00, exclusive of interest and costs.

10. "A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

11. The amount in controversy "is an estimate of the amount that will be put at issue in the course of the litigation." *Id*.

12. Once the defendant puts forth jurisdictional facts that make it possible that the amount in controversy exceeds $75,000, the case stays in federal court "unless it is legally certain that less than $75,000 is at stake." *McPhail*, 529 F.3d at 954.

13. Moreover, "[p]unitive damages may be considered in determining the requisite jurisdictional amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003). "The defendant may point to facts alleged in the complaint, the nature of the claims, or evidence in the record to demonstrate that an award of punitive damages is possible." *Id*. The defendant need not prove that recovery of punitive damages is more likely than not, but that "(1) state law permits a punitive damages award for the claims in question; and (2) the total award, including compensatory and punitive damages, could exceed $75,000." *Id*.

14. In New Mexico, punitive damages are generally not available for negligence claims, but may be appropriate where a defendant has the requisite culpable mental state, which includes willfulness or recklessness. *Paiz v. State Farm Fire & Casualty Co.*, 880 P.2d 300, 308 (N.M. 1994).

15. As stated, "Plaintiff seeks to recover actual and punitive damages for Defendants' negligent and intentional misrepresentations and/or statutory violations." Ex. A, Plaintiff's Complaint at ¶ 47. Additionally, Plaintiff alleges that "because Defendants willfully engaged in the actions noted above, Plaintiff is further entitled to recover up to three times actual damages under N.M.S.A. § 57-12-10B." Ex. A, Plaintiff's Complaint at ¶ 97.

16. While Plaintiff's Complaint does not specify the total amount in controversy, the facts and theories of recovery contained in Plaintiff's Complaint establish by a preponderance that Plaintiff stands to potentially recover more than the jurisdictional threshold amount.

17. Here, Plaintiff's Complaint points to two (2) separate subcontracts that Plaintiff claims—it entered into in reliance on that certain alleged "Misrepresentation Letter"—were for $3,591,185.16 and $883,504.96, respectively. Ex. A, Plaintiff's Complaint at ¶¶ 14 - 15. Indeed, Plaintiff specifically contends that in "reliance on the Misrepresentation Letter, [Plaintiff] did not immediately terminate the subcontracts." Ex. A, Plaintiff's Complaint at ¶ 33. Further, Plaintiff claims that Defendants' alleged "misrepresentations and/or failure to disclose in the Misrepresentation Letter caused Plaintiff substantial damages." Ex. A, Plaintiff's Complaint at ¶ 46.

18. Combining Plaintiff's above-referenced claims for "actual and punitive damages for Defendants' negligent and intentional misrepresentations and/or statutory violations," there is no legal certainty that a recovery to Plaintiff will be less than the jurisdictional threshold amount. *McPhail*, 529 F.3d at 955.

19. The amount in controversy in this case therefore exceeds the $75,000 threshold for diversity under 28 U.S.C. ¶1332(a).

## PROCEDURAL REQUIREMENTS

20. Defendants were respectively served with summons and Plaintiff's Complaint via U.S. Mail on June 23, 2021. **Exhibit B**.

21. As such, removal is timely because Defendants filed this Notice within 30 days after service of summons and Plaintiff's Complaint. 28 U.S.C. § 1446(b)(1).

22. This Court is the proper venue under 28 U.S.C. § 1446(a) because it is brought in the district and division within which the state court action was brought.

23. Defendants will concurrently file a copy of this Notice with the state court and serve notice on Constructors, Inc. in compliance with 28 U.S.C. § 1446(d).

24. Copies of all pleadings filed in the state court action are attached to this Notice. These documents constitute the records and proceedings from the state court action in accordance with 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a). A copy of the state court action docket sheet is attached as **Exhibit C**.

Dated: July 23, 2021

Respectfully submitted,

*/s/ Christopher R. Jones*
Christopher R. Jones
**GORDON & REES**
500 Marquette Ave., Suite 1200
Albuquerque, NM  87102
Telephone: (505) 998-9008
Facsimile: (505) 933-8485
crjones@grsm.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed through the CM/ECF system, which will cause counsel to be served by electronic means, 23rd day of July, 2021 to the following:

Kenneth D. Dugan
Marin, Dugan & Martin
509 W. Pierce St.
PO Box 2168
Carlsbad, NM 88221
(575) 887-3528
Fax: (575) 887-2136

                                                /s/  Fran Aragon Eaves